UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO LUIS ARANGO RUIZ,<br>A 221-297-978,<br>Petitioner,<br>v.<br>CHRISTOPER CHESTNUT,<br>Respondent. | No. 1:26-cv-3792 DJC AC<br><br>ORDER |

Petitioner, an immigration detainee proceeding pro se., filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Prior to the filing of this petition, petitioner filed a petition for writ of habeas corpus in Arango-Ruiz v. Warden, 2:26-cv-0767 DJC AC (E.D. Cal. 2026) (Arango-Ruiz I). In that case, petitioner asserted his detention violated the Immigration and Nationality Act (INA) and the Fifth Amendment Due Process Clause, substantively and procedurally. Arango-Ruiz I, ECF No. 1. The court granted the petition on petitioner's procedural due process claim and ordered that respondents afford petitioner a constitutionally adequate bond hearing before an immigration judge within five days. Arango-Ruiz I, ECF No. 8.

After petitioner was denied bond, petitioner filed the petition in this action, which,

liberally construed, asserts three claims: (1) petitioner's prolonged detention violates the Fifth Amendment Due Process Clause; (2) the revocation of his release without pre-deprivation procedures violates the Fifth Amendment; and (3) the conditions of his confinement are unlawful. ECF No. 1. In response, respondent filed a motion to dismiss, arguing the petition should be dismissed as a successive (second) petition and for failure to exhaust administrative remedies with respect to petitioner's bond hearing, or, alternatively, because petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). ECF No. 9.

After petitioner failed to file an opposition to respondent's motion, the court afforded petitioner another opportunity to file an opposition to the motion to dismiss. ECF No. 10. Petitioner was warned that failure to comply with this order will result in the recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Id.

Petitioner did not file an opposition. However, he recently filed a status report in response to the court's inquiry about the status of his custody. ECF Nos. 11, 13. In the status report, petitioner informs the court that he "was ordered removed on July 29, 2026," he did not appeal the removal order, and he remains in custody at the California City Detention Center. ECF No. 13. In the status report, petitioner also asks the court to release him from custody on grounds that his 90-day removal period has passed and his native country, Cuba, will not accept him. Id. Accordingly, the status report appears to raise a new claim based on indefinite detention.

The undersigned was ready to recommend this action be dismissed based on petitioner's failure to respond—for several months—to respondents' motion to dismiss and comply with this court's orders. However, in the interest of justice, the court will not recommend dismissal at this time and will instead seek clarification from petitioner to identify his claim(s) for relief.

////

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that, no later than December 3, 2026, petitioner shall file a status report informing the court whether he seeks leave to (1) *amend* the petition to *replace* the three previously-asserted claims with an indefinite detention claim, or (2) *supplement* the three claims with an indefinite detention claim. Failure to comply with this court order will result in the recommendation that this action be dismissed without prejudice, with no further warning.

DATED: November 23, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE